■ CHARLES WATERS et al., Appellants-Respondents, v PATENT SCAFFOLD Co., Also Known as HARSCO CORP., Respondent-Appellant, et al., Defendants. PATENT SCAFFOLD Co., Also Known as HARSCO CORP., Third-Party Plaintiff-Respondent-Appellant, v I. ROSEN & SONS, INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered December 13, 1978, partially granting defendant Patent Scaffold Co.'s motion for summary judgment to the extent of dismissing causes of action premised on section 240 of the Labor Law, modified, on the law, to the extent of granting defendant summary judgment as to all causes of action, and, as so modified, affirmed, with costs and disbursements. This is a personal injury action which arises out of injuries allegedly sustained by Charles Waters on July 24, 1970, when he fell from a scaffolding I-beam which accidently was unbolted by a fellow employee. Waters was employed by third-party defendant, I. Rosen & Sons, Inc., the masonry subcontractor on a building construction site in Coney Island, New York. The defendants are Starrett Bros. & Eken, Inc., David T. Gibson Corp. and Coney Island Site 5 House, Inc. (referred to collectively as the general contractor-owner) and Patent Scaffold Co., who pursuant to a written agreement with I. Rosen & Sons, Inc., leased scaffolding components for use by the latter on the job site and made the initial installation of the I-beams which supported the scaffolding. Pursuant to the written lease agreement, Patent provided safety rules and instructions relating to the equipment, and I. Rosen & Sons, Inc., expressly assumed responsibility for compliance with statutes and code provisions relating to the safe use of the equipment. After the scaffolding was initially installed by the lessor, Patent, its subsequent use and relocation was controlled solely by the lessee subcontractor Rosen within the terms of the lease agreement. On this record it appears that plaintiff's accident was caused by the premature unbolting of a scaffolding I-beam by one of plaintiff's co-workers. No alternate or concomitant cause of the accident has been demonstrated. Patently, Patent is not a contractor within the intendment of section 240 of the Labor Law. The duties that emanate from section 240 and the liability incurred for violation of those duties are the statutory responsibility of the contractors at and owners of construction sites (see *Carinha v Action Crane Corp.,* 58 AD2d 261). Patent is, in fact, an independent supplier who leased its product to a subcontractor and who, apart from the initial installation, exercised no supervision or control with respect to that product at the construction site. Thus, no basis exists for predicating liability upon Patent under section 240 of the Labor Law. Similarly, the record herein does not demonstrate common-law negligence on Patent's part arising from any alleged breach by Patent of a duty to supervise the work,

to provide safety equipment, and to warn about hazards not unique to the scaffolding project by Patent. Under the lease agreement, these duties devolved upon the subcontractor Rosen. It cannot be maintained that these duties are nondelegable, especially in light of the fact that it is clear that Patent is not within the ambit of section 240 of the Labor Law which sets forth the perimeters of nondelegable duties. Finally, regarding plaintiff's claim based on strict liability arising by virtue of alleged defective equipment being supplied by Patent, there is no showing on this record that the I-beams supplied were physically defective, inappropriate in size, or improperly installed by Patent. Thus, plaintiffs have not carried their burden of demonstrating a viable factual issue in this regard sufficient to warrant denying defendant Patent summary judgment relief. Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Carro, JJ.